IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**HAROLD ARTHUR BARR**                                          **PLAINTIFF**

**VS.**                             **CIVIL ACTION NO.: 1:11-cv-00059(LG)(RHW)**

**OFFICERS TROY BORDELON, JEFFREY
GUILLOT AND CHARLES LIPPS,
INDIVIDUALLY AND IN THEIR OFFICIAL
CAPACITY AS A DULY COMMISSIONED
POLICE OFFICER FOR THE CITY OF
WAVELAND, MS; POLICE CHIEF JAMES A.
VARNELL, INDIVIDUALLY AND IN HIS
OFFICIAL CAPACITY AS A DULY
COMMISSIONED POLICE OFFICER FOR
THE CITY OF WAVELAND, MS; DAVID
GARCIA, INDIVIDUALLY AND IN HIS
OFFICIAL CAPACITY AS MAYOR OF THE
CITY OF WAVELAND, MS; THE CITY OF
WAVELAND, MS; AND UNKNOWN JOHN
AND JANE DOES A-Z**                                        **DEFENDANTS**

## DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S AMENDED COMPLAINT

COME NOW the Defendants, the City of Waveland, Mississippi; Troy Bordelon; Jeffrey Guillot; Charles Lipps, James A. Varnell; and David Garcia, individually and in their official capacities (hereinafter, the "Municipal Defendants"), and respond to the Plaintiff's Amended Complaint (the "Complaint") as follows:

### FIRST DEFENSE

Plaintiff's Complaint fails to state a claim upon which relief can be granted.

### SECOND DEFENSE

Municipal Defendants plead all applicable statutes of limitations and the equitable doctrine of laches.

### THIRD DEFENSE

Defendants sued in their individual capacities are entitled to qualified immunity.

## FOURTH DEFENSE

The alleged injuries to Plaintiff were not caused by a policy or custom of the City of Waveland, Mississippi. Accordingly, there is no municipal liability under federal law.

## FIFTH DEFENSE

Punitive damages cannot be assessed against the City of Waveland, Mississippi.

## SIXTH DEFENSE

Although Municipal Defendants deny that Plaintiff is entitled to punitive damages, they affirmatively plead that an award of punitive damages would amount to a deprivation of property without due process of law in violation of the Fifth and Fourteenth Amendments to the United States Constitution and Sections 14 and 28 of the Mississippi Constitution.

## SEVENTH DEFENSE

Although Municipal Defendants deny that Plaintiff is entitled to damages, any damages suffered by Plaintiff were caused by his own negligence, and should be reduced accordingly.

## EIGHTH DEFENSE

Defendants plead all applicable provisions of the Mississippi Tort Claims Act, Miss. Code Ann. § 11-46-1 et seq., including, but not limited to, all applicable statutes of limitations, all exemptions from liability, all jurisdictional prerequisites to suit and no right to a jury trial.

## FACTUAL ALLEGATIONS

Without waiving any of the foregoing affirmative defenses, the Municipal Defendants respond to the specific allegations of the Complaint as follows:

## PRELIMINARY STATEMENT

1.     The Municipal Defendants admit that Plaintiff alleges claims under 42 U.S.C. §§ 1983, 1985, and 1986 and state common law. The Municipal Defendants specifically deny

that these claims have any merit, and deny all the remaining allegations in Paragraph 1 of the Complaint.

2. Paragraph 2 of the Complaint contains no factual allegations and thus requires no response. To the extent any response is required, the allegations in Paragraph 2 are denied.

### STATEMENT OF FACTS

3. Municipal Defendants deny the allegations contained in Paragraph 3 of the Complaint.

4. Municipal Defendants deny the allegations contained in Paragraph 4 of the Complaint.

5. Municipal Defendants deny the allegations contained in Paragraph 5 of the Complaint.

6. Municipal Defendants deny the allegations contained in Paragraph 6 of the Complaint.

7. Municipal Defendants deny the allegations contained in Paragraph 7 of the Complaint.

8. Municipal Defendants admit that Plaintiff was taken to Hancock Medical Center, but deny the remaining allegations contained in Paragraph 8 of the Complaint.

### PARTIES

9. Municipal Defendants lack sufficient information to form a belief as to the truth or falsity of the allegations in the first sentence of Paragraph 9 of the Complaint and therefore deny the same. Municipal Defendants deny the allegations in the second sentence of Paragraph 9 of the Complaint.

10. Municipal Defendants admit the allegations in the first sentence of Paragraph 10 of the Complaint. Municipal Defendants deny the allegations in the second sentence of

Paragraph 10 of the Complaint. The remaining allegations in Paragraph 10 state legal conclusions and require no response. To the extent a response is required, these allegations are denied.

11. Municipal Defendants admit the allegations in the first sentence of Paragraph 11 of the Complaint. The second sentence of Paragraph 11 states a legal conclusion and requires no response. To the extent a response is required, the allegations in the second sentence of Paragraph 11 are denied. The allegations in the final sentence of Paragraph 11 are denied.

12. Municipal Defendants admit the allegations in the first sentence of Paragraph 12 of the Complaint. The second sentence of Paragraph 12 states a legal conclusion and requires no response. To the extent a response is required, the allegations in the second sentence of Paragraph 12 are denied. The allegations in the final sentence of Paragraph 12 are denied.

13. Municipal Defendants admit the allegations in the first sentence of Paragraph 13 of the Complaint. The second sentence of Paragraph 13 states a legal conclusion and requires no response. To the extent a response is required, the allegations in the second sentence of Paragraph 13 are denied. The allegations in the final sentence of Paragraph 13 are denied.

14. Municipal Defendants deny the allegations in Paragraph 14 of the Complaint.

15. Municipal Defendants admit the allegations in Paragraph 15 of the Complaint.

16. Paragraph 16 of the Complaint contains no factual allegations and thus requires no response. To the extent a response is required, the allegations in Paragraph 16 are denied.

16. Paragraph 17 of the Complaint contains no factual allegations and thus requires no response. To the extent a response is required, the allegations in Paragraph 17 are denied.

## JURISDICTION

18. Municipal Defendants admit that this Court has subject matter jurisdiction over Plaintiff's federal claims and supplemental jurisdiction over Plaintiff's state law claims.

Municipal Defendants specifically deny that any of these claims have merit, and deny the remaining allegations in Paragraph 18 of the Complaint.

## VENUE

18. Municipal Defendants admit that this Court is a proper venue for Plaintiff's claims in this matter, and deny the remaining allegations in Paragraph 19 of the Complaint.

## COUNT I

20. In response to Paragraph 20 of the Complaint, Municipal Defendants incorporate by reference their responses to Paragraphs 1 through 19.

21. Municipal Defendants deny the allegations in Paragraph 21 of the Complaint.

22. Municipal Defendants deny the allegations in Paragraph 22 of the Complaint.

23. Municipal Defendants deny the allegations in Paragraph 23 of the Complaint.

24. Municipal Defendants deny the allegations in Paragraph 24 of the Complaint.

25. Municipal Defendants deny the allegations in Paragraph 25 of the Complaint.

26. Municipal Defendants deny the allegations in Paragraph 26 of the Complaint.

27. Municipal Defendants deny the allegations in Paragraph 27 of the Complaint.

## COUNT II

31. Plaintiff's Complaint contains an apparent typographical error, in which Paragraphs 28 through 30 are omitted.  For the sake of simplicity, Municipal Defendants' Answer will follow the same numbering pattern.  In response to Paragraph 31 of the Complaint, Municipal Defendants incorporate by reference their responses to Paragraphs 1 through 27 above.

32. Municipal Defendants deny the allegations in Paragraph 32 of the Complaint.

33. Municipal Defendants deny the allegations in Paragraph 33 of the Complaint.

34. Municipal Defendants deny the allegations in Paragraph 34 of the Complaint.

35. Municipal Defendants deny the allegations in Paragraph 35 of the Complaint.

## COUNT III

36. In response to Paragraph 36 of the Complaint, Municipal Defendants incorporate by reference their responses to Paragraphs 1 through 35 above.

37. Municipal Defendants deny the allegations in Paragraph 37 of the Complaint.

38. Municipal Defendants deny the allegations in Paragraph 38 of the Complaint.

39. Municipal Defendants deny the allegations in Paragraph 39 of the Complaint.

## COUNT IV

40. In response to Paragraph 40 of the Complaint, Municipal Defendants incorporate by reference their responses to Paragraphs 1 through 39 above.

41. Municipal Defendants deny the allegations in Paragraph 41 of the Complaint.

42. Municipal Defendants deny the allegations in Paragraph 42 of the Complaint.

43. Municipal Defendants deny the allegations in Paragraph 43 of the Complaint.

## COUNT V

44. In response to Paragraph 44 of the Complaint, Municipal Defendants incorporate by reference their responses to Paragraphs 1 through 43 above.

45. Municipal Defendants deny the allegations in Paragraph 45 of the Complaint.

46. Municipal Defendants deny the allegations in Paragraph 46 of the Complaint.

## COUNT VI.A

47. In response to Paragraph 47 of the Complaint, Municipal Defendants incorporate by reference their responses to Paragraphs 1 through 46 above.

48. Municipal Defendants deny the allegations in Paragraph 48 of the Complaint.

49. Municipal Defendants deny the allegations in Paragraph 49 of the Complaint.

### COUNT VI.B

50. In response to Paragraph 50 of the Complaint, Municipal Defendants incorporate by reference their responses to Paragraphs 1 through 49 above.

51. Municipal Defendants deny the allegations in Paragraph 51 of the Complaint.

52. Municipal Defendants deny the allegations in Paragraph 52 of the Complaint.

### COUNT VI.C

53. In response to Paragraph 53 of the Complaint, Municipal Defendants incorporate by reference their responses to Paragraphs 1 through 52 above.

54. Municipal Defendants deny the allegations in Paragraph 54 of the Complaint.

55. Municipal Defendants deny the allegations in Paragraph 55 of the Complaint.

### COUNT VI.D

56. In response to Paragraph 56 of the Complaint, Municipal Defendants incorporate by reference their responses to Paragraphs 1 through 55 above.

57. Municipal Defendants deny the allegations in Paragraph 57 of the Complaint.

58. Municipal Defendants deny the allegations in Paragraph 58 of the Complaint.

### COUNT VI.E

59. In response to Paragraph 59 of the Complaint, Municipal Defendants incorporate by reference their responses to Paragraphs 1 through 58 above.

60. Municipal Defendants deny the allegations in Paragraph 60 of the Complaint.

61. Municipal Defendants deny the allegations in Paragraph 61 of the Complaint.

### COUNT VI.F

62. In response to Paragraph 62 of the Complaint, Municipal Defendants incorporate by reference their responses to Paragraphs 1 through 61 above.

63. Municipal Defendants deny the allegations in Paragraph 63 of the Complaint.

64. Municipal Defendants deny the allegations in Paragraph 64 of the Complaint.

## COUNT VI.G

65. In response to Paragraph 65 of the Complaint, Municipal Defendants incorporate by reference their responses to Paragraphs 1 through 64 above.

66. Municipal Defendants deny the allegations in Paragraph 66 of the Complaint.

67. Municipal Defendants deny the allegations in Paragraph 67 of the Complaint.

## PRAYER FOR RELIEF

68. Municipal Defendants deny the allegations in the unnumbered paragraph of the Complaint which begins: "WHEREFORE, PREMISES CONSIDERED, the Plaintiff prays for the following relief . . ." including subparagraphs (a) through (m) thereunder. Municipal Defendants further deny that the Plaintiff is entitled to any relief whatsoever.

69. Municipal Defendants deny the allegations in the unnumbered paragraph of the Complaint which begins: "WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that, at the end. . ." including subparagraphs I through IV thereunder. Municipal Defendants further deny that the Plaintiff is entitled to any relief whatsoever.

WHEREFORE, premises considered, Municipal Defendants deny that Plaintiff is entitled to any relief whatsoever and request that Plaintiff's Complaint be dismissed with all costs taxed to the Plaintiff.

THIS, the 11th day of April, 2011.

Respectfully submitted,

**PHELPS DUNBAR, LLP**

**OF COUNSEL:**

BY:  */s/W. Brett Harvey*

| | |
|---|---|
| Zach Butterworth (MSB # 9946) | Gary E. Friedman, MB #5532 |
| Gary Yarborough, Jr. (MSB # 102310) | W. Brett Harvey, MB # 102440 |
| HESSE & BUTTERWORTH, PLLC | 111 East Capitol Street • Suite 600 |
| 841 Highway 90 | Jackson, Mississippi 39201-2122 |
| Bay St. Louis, MS 39520 | P. O. Box 23066 |
| Telephone: (228) 466-0020 | Jackson, Mississippi 39225-3066 |
| Facsimile: (228) 466-0550 | Telephone: (601) 352-2300 |
| zbutterworthlaw@bellsouth.net | Telecopier: (601) 360-9777 |
| garyyarborough@bellsouth.net | Email: friedmag@phelps.com |
| | brett.harvey@phelps.com |

**ATTORNEYS FOR MUNICIPAL DEFENDANTS**

## CERTIFICATE OF SERVICE

I, W. BRETT HARVEY, do hereby certify that I have this date electronically filed the foregoing *ANSWER* with the Clerk of the Court via ECF, which forwarded notice of the same via email to the following counsel:

> Bobby Moak, Esq.
> P.O. Box 242
> Bogue Chitto, MS 39620
> Telephone: 601-734-2566
> Facsimile: 601-734-2563

***ATTORNEY FOR PLAINTIFF***

THIS, the 11th day of April, 2011.

 */s/W. Brett Harvey*
W. BRETT HARVEY

PD.4931854.1